UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| USA,<br>　　　　Plaintiff,<br>　　v.<br>MICHAEL NOTT,<br>　　　　Defendant. | Case No. 17-cr-00437-BLF-1<br><br>**ORDER DENYING MOTION TO COMPEL SPECIFIC PERFORMANCE OF PLEA AGREEMENT**<br><br>[Re: ECF 26] |

Before the Court is Defendant Michael Nott's motion to compel specific performance of a plea agreement. Mot., ECF 26.[1] For the reasons discussed below and as stated on the record, the motion is DENIED. Mr. Nott argues that the Government "offered him the option of resolving the case through [the District's] Pretrial Services' diversion program," subject only to Pretrial Services "assess[ing] Nott's suitability for diversion." *See id.* at 1. Mr. Nott claims he accepted this offer. *Id.* Nevertheless, the Government withdrew the offer some months later without justification and after Mr. Nott had already prepared an inculpatory "statement of responsibility" for Pretrial Services, which the Government can now use in its case-in-chief. *Id.* Mr. Nott argues that this statement, in combination with Mr. Nott's waiver of his speedy trial rights and lost time for investigation due to the delay, constitutes detrimental reliance on the Government's offer and the plea agreement, such that the Court should compel the Government to allow Mr. Nott to enter the diversion program. *Id.* at 2.

On August 29, 2017, Assistant United States Attorney Vieira stated he was "open to" diversion for Mr. Nott. *See* Sullivan Decl. ISO Mot. ¶ 1, ECF 26-1. He then indicated on

---

[1] The Court DENIES Mr. Nott's request that it strike the Government's tardy Opposition because the late Opposition did not prejudice Mr. Nott.

September 1 that he could "get the diversion investigation started" if Mr. Nott was interested, to which Mr. Nott responded he was. *Id.*; Mot. at 3. That same email from Mr. Vieira included language stating that Mr. Vieira did "not have authority to make any binding plea offer in this matter" and that all plea discussions were about a "tentative disposition" and "would not be final" unless and until the United States Attorney or his designee approved of the agreement. *See* Vieira Decl. ISO Opp. ¶ 3, ECF 32-1. Mr. Vieira then initiated the investigation. Mr. Vieira never drafted or sent a plea agreement or a diversion agreement to Mr. Nott and never discussed plea terms with defense counsel, such as length of any diversion period or restitution amount. *Id.* ¶ 2.

On September 12, 2017, Pretrial Services directed Mr. Nott to prepare a statement of responsibility, in which Mr. Nott accepted "full responsibility." Sullivan Decl. ¶ 1. On September 21, 2017, Mr. Vieira indicated in an email that the case was not definitively proceeding to diversion, and on October 13, 2017, the parties filed a stipulation in which they stated they "anticipate[d] that they may be able to negotiate a plea after receiving Pretrial's [diversion suitability] report." *Id.* ¶¶ 6–7. Pretrial Services accepted Mr. Nott into the program on November 17, 2017, but the Government informed Mr. Nott's counsel in early December that the Government would not approve of diversion. *Id.* The Government did not provide a justification for this decision.

"Because a plea agreement is, at bottom, a contract between the government and a criminal defendant, for the most part we construe a plea agreement using the ordinary rules of contract interpretation." *United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006) (alteration and citation omitted). "The essential elements of a binding contract include an offer that is sufficiently definite to make the promised performance reasonably certain." *Lewis v. Am. Sav. & Loan Ass'n*, 905 F.2d 1540 (9th Cir. 1990). Here, the Government never made a binding offer, and thus no plea agreement exists. Throughout its communications with Mr. Nott, Mr. Vieira made it abundantly clear that he was without authority to make a binding offer (and plea agreement) with Mr. Nott without the consent of the United State Attorney. These representations, in combination with the lack of specific terms of any such agreement, make it clear that the Government did not make an offer to allow Mr. Nott to participate in diversion.

2

Moreover, given the clear limitations imposed on the discussions, Mr. Nott cannot say he reasonably relied on these representations, so as to warrant a finding of detrimental reliance.  *See Metro. Prop. & Cas. Ins. Co. v. Gilson*, 458 F. App'x 609, 612 (9th Cir. 2011) (holding no detrimental reliance because the reliance was not reasonable).  In any event, the Government has represented to the Court and to Mr. Nott that it will not use the inculpatory statement in any way for its case.  *See* Opp. at 5–6, ECF 32.

Because no firm offer was made, no plea agreement exists for this Court to enforce.  The motion is therefore DENIED.

**IT IS SO ORDERED.**

Dated: February 5, 2019

_____
BETH LABSON FREEMAN
United States District Judge